UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CV-1225 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| RONALD E. BYERS, DEANNA L. BYERS, and HENNEPIN COUNTY, MINNESOTA, | |
| Defendants. | |

Elizabeth Kirby, UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION, for plaintiff.

Todd R. Iliff, TODD R. ILIFF, PA, for defendants Ronald E. Byers and Deanna L. Byers.

On October 23, 2023, the Court granted the summary-judgment motion of the United States and directed the government to file a proposed order of sale to govern the sale of defendant Ronald Byers's property (the "Wayzata Property") to partially satisfy his unpaid federal tax liability. This matter is now before the Court on the government's motion for the entry and use of a receiver [ECF No. 50], the government's proposed order of sale [ECF No. 51], and the motion of Ronald Byers and defendant Deanna Byers to stay this action pending appeal [ECF No. 56]. For the reasons that follow, the Court denies the Byerses' motion, grants the government's motion to appoint a receiver, and enters the government's proposed order of sale.

Taking the Byerses' motion first:  The Court sees no reason to stay these proceedings pending appeal, let alone to stay these proceedings without requiring the Byerses to post a bond pursuant to Fed. R. Civ. P. 62(b).  In determining whether to grant a stay pending appeal, courts consider four factors:  "(1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (citation omitted). "The most important factor is likelihood of success on the merits, although a showing of irreparable injury without a stay is also required."  *Id.* (quotation omitted).

The Byerses' showing on each factor is either non-existent or lacking.  They do not address their likelihood of success on the merits or attempt to identify any error in the Court's summary-judgment ruling, nor do they address the public interest or any injury that a stay would inflict on the other parties.  With respect to irreparable injury, they merely assert that Deanna Byers might wish to purchase the Wayzata property if the Byerses' appeal is successful; but under the government's proposed order of sale, she will have an opportunity to buy the Wayzata property regardless of how she and her husband fare on appeal.  Without a stronger showing of irreparable harm—and

without *any* showing of a likelihood of success on the merits—the Court denies the Byerses' motion for a stay.

Turning to the government's motion to appoint a receiver to enforce its lien against the Wayzata property:  In a federal lien-enforcement proceeding such as this case, "at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity."  26 U.S.C. § 7403(d).  The government has moved to appoint a local real-estate agent as a receiver to market and sell the Wayzata property, primarily because a private sale is likely to fetch a higher price than a public auction.  The government has also filed a proposed order of sale setting forth the procedure by which the sale of the Wayzata property will occur.

The Byerses oppose the government's motion on a number of grounds, none of which have merit.  The most substantive argument they raise is that the government's proposed order of sale fails to comport with the procedures set forth in 28 U.S.C. § 2001 for the sale of real property in the possession of a receiver appointed by a district court—in particular, the requirement that the property be sold at a public sale, *see id.* § 2001(a), or in a private sale after a hearing and after appraisal by three appointed disinterested persons, *id.* § 2001(b).  But as the government points out, the courts that

have addressed this issue have found that it is "permissible for a receiver appointed pursuant to 26 U.S.C. § 7403(d) to sell the property by listing it on the open market in lieu of conducting a public auction under § 2001(a) or a private sale under § 2001(b)." *United States v. Wagster*, No. 16-13172, 2017 WL 4479730, at *1 (E.D. Mich. Oct. 5, 2017) (collecting cases); *see also United States v. Rivetts*, No. 11–556 (RHK/LIB), 2012 WL 1694628, at *7 (D. Minn. May 15, 2012) ("The United States is entitled to collect the liabilities previously described by selling the Property either through a real estate agent acting as a receiver *or* under 28 U.S.C. § 2001." (emphasis added)).

The remainder of the Byerses' objections to the government's proposed order of sale border on frivolous. They argue that 26 U.S.C. § 7403(d) requires the Secretary of the Treasury to certify that appointment of a receiver would be in the public interest before a court appoints a receiver "with all the powers of a receiver in equity." *Id.* But they entirely ignore that this certification provision is an *alternative* to appointment of a receiver "at the instance of the United States" to enforce a lien. *Id.* They also recite the oft-quoted mantra that a court's discretion under § 7403 should be "exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *United States v. Rodgers*, 461 U.S. 677, 711 (1983). But they ignore the fact that *Rodgers* was referring to a district court's narrow discretion to *prevent* a judicial sale under § 7403. *See id*. The Byerses also insinuate that the

government's proposed receiver may not be authorized to receive a commission under Minnesota law. But the fact that the order does not precisely address how the realtor's proposed commission will be handled does not mean that the order is authorizing a sale in violation of state law. Finally, the Byerses take issue with the provision of the proposed order of sale requiring them to vacate the Wayzata property within 30 days, arguing that the government's lien rights cannot interfere with their rights of possession and quiet enjoyment. But the Byerses must vacate the property not because the government has a lien on the property, but because the government now has the right to *enforce* that lien.

The Court is perplexed about why the Byerses oppose the use of a receiver to sell the Wayzata property. As the government points out, the greater the sale price, the less Ronald Byers will owe the United States in unpaid taxes. Regardless, this litigation has dragged on long enough, and the Byerses have not made a serious case for dragging it on further.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for the entry and use of a receiver [ECF No. 50] is GRANTED.

2. The Internal Revenue Service is authorized to sell the real property located at 16808 Prospect Place, Wayzata, Minnesota 55391 ("the Wayzata Property") pursuant to the attached Order of Sale.

3. Defendants' motion to stay pending appeal [ECF No. 56] is DENIED.

Dated: April 23, 2024               s/Patrick J. Schiltz
                                    Patrick J. Schiltz, Chief Judge
                                    United States District Court